UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL ZAMORA,<br><br>        Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | Case No.:  18-cv-2728-BEN<br>      17-cr-1071(2)-BEN<br><br>**ORDER** |

Movant has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.  The motion is filed timely and the motion is denied.

## BACKGROUND

Movant pleaded guilty pursuant to a plea agreement and was convicted of conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 841.  Movant and his co-defendant were arrested and charged with selling 277 grams of methamphetamine.  Movant was sentenced to 46 months.  His co-conspirator was sentenced to 108 months in related Case No. 17cr1069(1)-BEN.  Only Movant seeks to collaterally attack his sentence and claims ineffective assistance of counsel.

## LEGAL STANDARD

Under section 2255, a movant is entitled to relief if the sentence: (1) was imposed in violation of the Constitution or the laws of the United States; (2) was given by a court without jurisdiction to do so; (3) was in excess of the maximum sentence authorized by law; or (4) is otherwise subject to collateral attack.  28 U.S.C. § 2255; *United States v. Speelman*, 431 F.3d 1226, 1230 n.2 (9th Cir. 2005).  If it is clear the movant has failed to state a claim, or has "no more than conclusory allegations, unsupported by facts and

1

refuted by the record," a district court may deny a § 2255 motion without an evidentiary hearing. *United States v. Quan*, 789 F.2d 711, 715 (9th Cir. 1986). That is the case here.

DISCUSSION

To prevail on an ineffective assistance of counsel claim, a defendant must show that his attorney's performance was unreasonable under the prevailing professional standards and that the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 694-95 (1984). There is a "strong presumption" that counsel's conduct is reasonable, *Hendricks v. Calderon*, 70 F.3d 1032, 1036 (9th Cir. 1995), and "[r]eview of counsel's performance is highly deferential." *United States v. Ferreira-Alameda*, 815 F.2d 1251, 1253 (9th Cir. 1986). To establish "prejudice" under *Strickland's* second prong, a petitioner must show a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985). Movant has not established either prong of the *Strickland* requirements.

In this case, the Court notes that without the plea agreement, Movant faced a minimum mandatory 10-year sentence, if convicted. Now, he claims that his attorney promised him a 24-month sentence and that this was bad advice constituting ineffective assistance of counsel. Importantly, Movant does not claim that he would have declined a plea agreement and gone to trial, had he better understood his sentencing exposure. Movant does not claim that he was actually innocent or that he had a viable defense. The facts against him were strong and the government's case was solid.

Movant faced a minimum mandatory sentence of 120 months. Because Movant agreed to plead guilty, he benefited from a very low 46-months sentencing recommendation from the government. Movant also enjoyed the possibility of qualifying for safety valve relief – an opportunity Movant welcomed. As a result of entering the plea agreement, the Government recommended a sentence below the minimum mandatory sentence of 120 months and calculated the Guideline range with a two-level reduction of safety valve, a three-level reduction for acceptance of

responsibility, and a two-level reduction for role in the offense. The government's resulting Guideline range was 46 to 57 months. Movant likewise calculated his Guideline range as 46 to 57 months but advocated for a departure down to 24 months. As mentioned above, ultimately, this Court imposed a sentence of 46 months. The sentence was the low end of the Guideline range as agreed to by the Movant and the government and far below the minimum mandatory sentence of 120 months.

Moreover, Movant's assertion that his attorney promised a 24-month sentence is belied by the record. The Plea Agreement is bereft of such language and warned the Movant that the sentence was ultimately up to this Court. At the sentencing hearing, when Movant was invited to allocate, he said nothing about misunderstanding the plea deal. After sentence was imposed, this Court directly asked Movant whether he agreed to waive appeal and collateral attack. He said nothing about the sentence just imposed being different than what his attorney had promised or that the government had promised. There is no declaration from his attorney that he had promised any length of sentence. There are no attorney file notes or declarations from others that might substantiate Movant's claim.

On the contrary, Movant's attorney, Mr. Nicholas DePento, Esq., provided a declaration disputing Movant's claim. *See* USA's Response in Opposition, Doc. No. 58 (filed Jan. 27, 2020) Exh. 2. DePento states that it was his opinion that the government's case was overwhelming and that there were no viable defenses. Declaration at 2. DePento states that he told Movant he would advocate for a 24-month sentence, but that the sentence was ultimately up to the Court. *Id.* at 2-3. The sentencing transcript reflects that DePento did, in fact, advocate for a downward departure to 24 months.

To sum up, Movant received great benefit from entering the plea agreement that his attorney had obtained from the government. There is nothing to overcome the presumption that his attorney's performance was effective. *Hendricks*, 70 F.3d at 1036. Even assuming, for the sake of argument, that the performance prong was established,

3

Movant has not claimed or proven the prejudice prong as required by *Hill*, 474 U.S. at 56-57.  Both prongs must be satisfied for relief.  Neither prong has been established.

## CONCLUSION

Movant's claims are denied without hearing because they neither establish a debatable claim of ineffective performance nor resulting prejudice.

The Motion to Vacate, Set Aside, or Correct Sentence is DENIED.

## No Certificate of Appealability

A court may issue a certificate of appealability where the movant has made a "substantial showing of the denial of a constitutional right," and reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserve encouragement to proceed further.  See *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003).  This Court finds that Movant has not made the necessary showing. A certificate of appealability is therefore DENIED.

IT IS SO ORDERED.

DATED: May 8, 2020

_____

HON. ROGER T. BENITEZ
United States District Court Judge